# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

**FILED - MQ**

February 28, 2018 10:10 AM

Thomas L. Dorwin, CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: slk          / scanned

DANIEL COOK

    Plaintiff,

V.

                Case No:

                Hon:

**2:18-cv-25**
Paul L. Maloney, U.S. District Judge
Timothy P. Greeley, Magistrate Judge

CORIZON, GABRIEL BLUESING,
KEITH PAPENDICK, JOE WIXTROM,
UNKNOWN HARBAUGH, CHARLES SCOTT

    Defendants,

## COMPLAINT WITH JURY DEMAND

### Introduction

This is a civil rights action filed by Daniel Cook, a state Prisoner, for damage relief under 42 U.S.C. § 1983, Alleging Cruel and Unusual Punishment, and deliberate indifference to Serious medical needs in violation of the Eighth Amendment

### Jurisdiction

1. This Court has Jurisdiction over the Plaintiff's claims of violation of Federal Constitutional Rights under 42 U.S.C. §§ 1331 (1) and 1343.

· MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | | | FROM: | | | |
|---|---|---|---|---|---|---|---|
| NAME | | | | NAME | | | |
| NO. AND STREET OR R.R. | | | | NO. | | LOCK | |
| CITY | STATE | | ZIP | INSTITUTION | | DATE | |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

### Parties

2. The Plaintiff Daniel Cook was incarcerated at Marquette Branch Prison, (Henceforth MBP) in the Michigan Department of Corrections (Henceforth MDOC) during the events described in this Complaint.

3. Defendant Corizon is a Private Michigan corporation which has been, at all relevant times under a contract with the MDOC to Provide Medical care and services to inmates confined to the MDOC, including Daniel Cook. Corizon is sued in its individual capacity.

4. Defendant Gabriel Caluesing at all relevant times was a nurse employed by Corizon. He is sued in his individual capacity.

5. Defendant Joe Wixtrom at all relevant times was a nurse employed by Corizon. He is sued in his individual capacity.

6. Defendant Keith Papendick at all relevant times was a doctor employed by Corizon. He is sued in his individual capacity.

7. Defendant Charles Scott at all relevant times was a HUM employed by Corizon. He is sued in his individual capacity.

8. Defendant Harbaugh, at all relevant times was a nurse employed by MDOC ████████. He/she is sued in his/her individual capacity.

-2-

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | | FROM: | | |
|-----|--|--|-------|--|--|
| NAME | | | NAME | | |
| NO. AND STREET OR R.R. | | | NO. | | LOCK |
| CITY | STATE | ZIP | INSTITUTION | | DATE |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

*Facts*

4. At or near July 6, 2016 The Plaintiff experienced symptoms of Acid reflux, Stomach burning, and diarrhea. Nurse Hammonds told him it was due to change of food, the New food Provider.

10. Hammonds gave Plaintiff over the counter Medication for Acid reflux. Within week or near symptoms faded.

11. September 12, 2016 Defendant Coluesing responded to a emergent call by correctional officer concerning Plaintiff's condition. He responded cell side.

12. Plaintiff told Coluesing it was emergent he go to the hospital due to internal bleeding because he was Puking blood up. He showed Coluesing a deodorant cap full of what he scooped from toilet that he threw up. And then explained his other following symptoms: Extreme burning from Stomach to Anus like by an Acid or chemical, Sore throat, Sores in Mouth, Horrible gas, Weakness, sewege smelling urin, Painfull digestion, Loose Abnormal stool, twotoned with blood in it, headache, shakiness, breath smelled like fesus, and that it felt like a lava rock was burning through his Abdomen.

13. Defendant looked at cap full of blood and stated, "You're fine" with a non caring attitude.

-3-

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | | FROM: | |
|-----|--|--|-------|--|
| NAME | | | NAME | |
| NO. AND STREET OR R.R. | | | NO. | LOCK |
| CITY | STATE | ZIP | INSTITUTION | DATE |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

14. Gluesing began to walk away, at that time the Plaintiff immediately placed a sign in bars, in the cameras view that stated:
     "Internal Bleeding, Emergent"

15. The defendant acted shocked like he had not been told or shown this blood. And stated "show me". Plaintiff showed Gluesing again then went to the toilet and choked some white Acidy, foamy stuff up that had solid drops of blood in it. Defendant told Plaintiff to put a health care request in.

16. Plaintiff begged the defendant to do a complete vital check and send him to the Hospital. All to no avail. Gluesing walked away.

17. Plaintiff kept the sign in bars. September 13, 2016 C/O called the defendant Gluesing stating Plaintiff's condition was emergent.

18. Near 2:00 AM, Gluesing responded. And once again ignored the Plaintiff's pleas, symptoms and appeals to go to the hospital and to do a full vital check up. Gluesing stated: "I'm not going to pull you out on third shift.

19. Defendant checked Plaintiff's oxygen and heart beat with a finger device. He then cuffed it quickly and would not show the Plaintiff the results. And stated: "Put a healthcare kite in."

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | |
|---|---|---|
| NAME | | |
| NO. AND STREET OR R.R. | | |
| CITY | STATE | ZIP |

| FROM: | |
|---|---|
| NAME | |
| NO. | LOCK |
| INSTITUTION | DATE |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

20. Plaintiff gave Coluesing a filled out health care request with a detailed list of his symptoms. And continued to beg to be sent to the hospital and to have his vitals checked. The defendant ignored his begging and walked away.

21. The Plaintiff layed hunched over in Pain until he was Pulled from cell during AM shift for emergency blood draw.

22. September 15, 2016, Falk NP informed Plaintiff that his SED Rate was 36. And that it was due to inflamation. Not to worry though because he has seen them in the 70's. He than informed Plaintiff that he had ulcers. And that "Protonix" will take care of it.

23. 9/15/16 Falk Placed Plaintiff on Protonix.

24. September 20, 2016 X-Ray of Plaintiff's Abdomen revealed severe constipation and several Phleboliths within his Pelvis Area.

25. The Plaintiff continued to complain of the burning and digestive complications. And of the overall pain in his entire Abdomen. He followed health Plan and trusted nurses advice to give the Protonix a chance to work.

26. On or near September 23, 2016 Defendant Wixtrom told Plaintiff something was wrong with his Gall bladder and stomach. And

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | | FROM: | | |
|---|---|---|---|---|---|
| NAME | | | NAME | | |
| NO. AND STREET OR R.R. | | | NO. | | LOCK |
| CITY | STATE | ZIP | INSTITUTION | | DATE |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

than later on at some Point during nursing rounds. That the Plaintiff had one big ULCER in his duodenum.

27. Plaintiff continued to complain of Liver and kidney Pain Also.

28. December 2, 2016 Wixtrom charted a false record stating that the Medication was having "good Results" (Protonix) And did not chart anything About the ulcers he continued to tell Plaintiff he had.

29. December 6, 2016 Plaintiff submitted first of Many grievances stating he has been denied diagnosis and treatment. Described SYMPTOMS and requested Pain Meds.

30. December 15, 2016 Grievance was denied. December 16th the Plaintiff was Placed on Pain Medication. Ultram.

31. February 15, 2017 After repeated kites and Grievances An X-ray revealed constipation and Phleboliths. It also showed early arthretic changes of the bilateral hip joint.

32. February 22, 2017 Defendant Harbaugh denied Plaintiff's grievance Stating: Grievant did not Present to healthcare for his scheduled assessments with Provider or submitt any healthcare requests from October 1, 2016 to November 26, 2016. Grievants allegations not supported and his needs are being addressed when identified

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | | |
|---|---|---|---|
| NAME | | | |
| NO. AND STREET OR R.R. | | | |
| CITY | STATE | | ZIP |

| FROM: | |
|---|---|
| NAME | |
| NO. | LOCK |
| INSTITUTION | DATE |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

"by the Grievant." And 8/3/17 intentionally delays 2, Step III grievances.

33. Plaintiff filed a Grievance due to the false reports that he has refused visits, appointments. (See attachments- EXAUSTED remedies)

34. March 22, 2017 X-ray showed constipation and several Phleboliths within Plaintiff's Pelvis Area.

35. April 10, 2017 x-ray reveals constipation throughout the Plaintiff's entire coarse of Colon.

36 April 13, 2017 Defendant Papendick denied Falk NP, request for Colonoscopy. "Medical necessity not demonstrated at this time. Consider RML senna 8.6 two tabs twice daily and restrict and record if patient refuses.

37. May 1, 2017 Doctor Bonefeld conducts a sham physical exam and tells Plaintiff to no longer place healthcare requests in. He then charts a good bill of health ignoring symptoms.

38. C/O Minthorn tells Plaintiff to "Quit picking" after Bonefelds exam.

39. May 2, 2017 X-ray shows constipation after Multiple doses of laxitives.

40. May 4, 2017 Plaintiff's blood labs reveal Multiple ~~Abnoralties~~.
Abnormalties

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | | FROM: | |
|-----|---|---|-------|---|
| NAME | | | NAME | |
| NO. AND STREET OR R.R. | | | NO. | LOCK |
| CITY | STATE | ZIP | INSTITUTION | DATE |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

41. On May 6, 2017 after weeks of pain. The Plaintiff kites Dentist for a 3RD time do to Absess ~~toth~~. tooth.

42. 5/10/2017 PMC Medication denied for Plaintiff's Abdomen Pain.

43 May 26, 2017 Defendant Papendick denies Falk NP. request for a CT-scan. "Medical necessity not demonstrated at this time. Re evaluate abdomen after constipation is resolved. ^

44. June 6, 2017 Defendant Papendick denied Falk NP. request for a Ultra Sound. "Medical necessity not demonstrated at this time. educate Patient that watery stools may be necessary in order to clear the constipation.

45. June 27, 2017. X-RAY reveals obstipation. (SEVERE constipation) After Multiple doses of laxitives and senna.

46. June 27, 2017 Plaintiff receives requested health care records and is shocked that nearly every page contains lies.

47. July 12, 2017 Plaintiff submitts Grievance grieving All the lies and inconsistencies within his records. DEPUTY WARDEN Alexander denied Plaintiff's grievance stating: "Duplicate."

48. After review of lab results on 9/13/16 Plaintiff sees SED

—8—

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | | | FROM: | | |
|---|---|---|---|---|---|---|
| NAME | | | | NAME | | |
| NO. AND STREET OR R.R. | | | | NO. | | LOCK |
| CITY | STATE | | ZIP | INSTITUTION | | DATE |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

Rate indicates 16 MM/HR. Not the 36 Falk advised him
it was on 9/15/2016

49. Plaintiff's labs appeared to have been altered. Medical profession-
als have all confirmed it is clinically, and medically impossible
to have the following SED rate with Plaintiff's many
Abnormalties: 12/20/16 a SED rate of 0, 1/31/17 a SED
rate of 0, 5/4/17 a SED rate of 1, 8/3/17 a SED rate of
0, and 10/23/17 a SED rate of 0.

50. Plaintiff was informed by nursing this was common by
Defendant Corizon to avoid Pain Medication and costly
examinations or Procedures. "Its how insurance works"

51. August 1, 2017 Plaintiff was approved for Medicaid due to
chronic condition. Corizon has not identified condition.

52. September 9, 2017 Defendant Gluesing responded cellside to an
emergent call that Plaintiff needed help.

53. Plaintiff was removed from his cell for a full vital check.
Defendant Placed himself between Machine for blood
pressure check and camera. When Plaintiff's blood pressure
came up as 188 over 105. Gluesing quickly turned the
Machine around to face wall for the camera could not
see. SGT turned Machine around and recorded high numbers.

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | | FROM: | | |
|---|---|---|---|---|---|
| NAME | | | NAME | | |
| NO. AND STREET OR R.R. | | | NO. | | LOCK |
| CITY | STATE | ZIP | INSTITUTION | | DATE |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

54. Defendant Gluesing then charted a normal blood pressure, failed to chart Muscle spasms in legs and continued severe Abdomen Pain with ongoing symptoms.

55. October 25, 2017 Stacy Sylvie denied Falk NP Ultra sound request. Medical necessity not demonstrated.

56. November 7, 2017 X-Ray Revealed Plaintiff still had/has constipation. After Multiple doses of laxitives.

57. On January 11, 2018 Defendant Wixtrom refused to check the Plaintiff's request for vital check. Refused to send him to the hospital. And ignored that Plaintiff's symptoms had gotten worse over the weekend.

58. January 16, 2018 X-Ray reveals constipation after Multiple doses of laxitives.

59. January 28, 2018. Dr. Borgerding told Plaintiff that he was Lactose intolerant, And thats the reason for all the Abnormalties, Plaintiff explained he does not have gas or a gastic reflux problem. And that what he was going through was because his insides were burned by some kind of contaminate. Once again this was a Sham examination to avoid identifying the real damage.

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | | FROM: | | |
|---|---|---|---|---|---|
| NAME | | | NAME | | |
| NO. AND STREET OR R.R. | | | NO. | | LOCK |
| CITY | STATE | ZIP | INSTITUTION | | DATE |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

60. January 31, 2018 Defendant Gluesing called on third shift. Emergent Plaintiff's condition bad.

61. Doctor advises Gluesing that Plaintiff is lactose intolerant and not to send him to the hospital.

62. Plaintiff Places sign in bars. "EMERGENT"

63. Plaintiff's blood labs have Progressively risen at a extreme hike to represent Many Abnormalties. As Shown:

| Description | Before 9/13/16 | 5/1/17 | 1/9/18 | Reference Range. |
|---|---|---|---|---|
| Glucose | 80 MG | 117 MG | 85 MG | 70-105 |
| SGPT (ALT) | 37 U/L | 77 U/L | 144 U/L | 7-45 |
| AST (SGOT) | 22 U/L | 30 U/L | 68 U/L | 15-40 |
| YGT (GGPT) | 29 U/L | 49 U/L | 65 U/L | 2-30 |
| Triglycerides | 106 MG | 232 MG | 219 MG | 0-150 |
| Chem HDL | 41 MG | 36 MG | 39 MG | 40-60 |
| VLDL | 21 MG | 46 MG | 95 MG | 0-40 |
| LDH | 122 U/L | 158 UL | 512 UL | 100-250 |
| Tot CO2 | 33 MMol/L | 31 Mmol/L | 31 MMol/L | 22-30 |

(See exhibits)

64. The Plaintiff's EFGR is over 60 which represents Stage 1 or 2 kidney disease.

65. SGPT, AST, YGT, and Triglycerides all represent something is seriously wrong with Plaintiff's Liver, and Kidney's

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | | FROM: | | |
|---|---|---|---|---|---|
| NAME | | | NAME | | |
| NO. AND STREET OR R.R. | | | NO. | | LOCK |
| CITY | STATE | ZIP | INSTITUTION | | DATE |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

66. Plaintiff has submitted upwards of 45 Healthcare Requests, and Multiple grievances. On February 12, 2018 Plaintiff stopped HUM, The defendant Scott, and begged for medical services that were adequate. And then confronted the issue of Alttered blood labs

67. Defendant Scott deflected Plaintiff's complaints and Placed blame on Corizon headquarters, insurance, and cost. And then stated blood labs did not warrant further examinations. He then stated a SED rate of zero was in deed correct and clinicaly Possible, Even with all of the Plaintiff's Abnormalties.

68. Defendant then stated that the difference in blood lab reference numbers were not a concern to be alaraued. Plaintiff showed the difference in the YGGT references and the LDH reference and results. As follows: YGGT/GammaGT result 65 U/L. Reference 15-73 and other reference 7-30. showing YGGT was dangerously high. And then the stunning difference with the LDH. Result was 512 U/L. Alttered lab difference 313-618 correct lab reference 100-250. Proving Dangerously high. And this is only 2 of Many Alttered labs. (see exhibits)

69 Defendant Scott began to yell, Not Allowing Plaintiff to explain how he was wrong. And explain his symptoms and condition. Scott walked away blaming Corizon.

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | | FROM: | | |
|---|---|---|---|---|---|
| NAME | | | NAME | | |
| NO. AND STREET OR R.R. | | | NO. | | LOCK |
| CITY | STATE | ZIP | INSTITUTION | | DATE |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

### Claims for Relief

### A. Deliberate Indifference to Medical Needs

71. The failures of Defendant Gluesing's actions in responding to the Plaintiff's condition, symptoms, vital signs and pleas for help. Gluesings actions in falsifying Medical blood pressure chart and others. Him neglecting to provide the Plaintiff with reasonably adequate Medical services, did constitute deliberate indifference to Plaintiff's serious Medical needs in violation of the Eighth Amendment.

72. Defendant Corizon have a policy and practice of restricting if not outright denying Emergent access to the hospital when such care is expensive, complicates security, or can lead to the identity of an expensive injury that they believe they can keep hidden. Most of all, to save Money and attempt to avoid liability.

73. Defendant Gluesing was also following the policy and the practices of Corizon when he refused to remove the Plaintiff from cell on third shift to conduct a full vital check, when he continued to delay response until the A.M. Shift, when he refused to relay to on call doctor that situation was emergent, and when he refused to take every action to send Plaintiff to hospital for adequate examination.

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | | FROM: | | |
|---|---|---|---|---|---|
| NAME | | | NAME | | |
| NO. AND STREET OR R.R. | | | NO. | | LOCK |
| CITY | STATE | ZIP | INSTITUTION | | DATE |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

74. The failures of Defendant Corizon to take steps to ensure that Plaintiff received the needed treatment, despite it's knowledge of Plaintiff's serious Medical needs. Constituted Deliberate Indifference to Plaintiff's serious Medical needs in violation of the Eighth Amendment.

75. Defendant Corizon took steps to hide the identity of Plaintiff's injuries. All of which he still does not know the extent of, Corizon took steps to Alter records, lab work, and even Miss diagnosed to avoid the costs of procedures, Medical care services, liability, and work. Despite its knowledge of Plaintiff's serious Medical needs. These actions deliberate indifference to Plaintiff's serious Medical needs. in Violation of the Eighth Amendment.

76. The failures of defendant nurse Wixtrom's actions in responding to Plaintiff's condition and symptoms, And in falsely documenting the identity of injuries, and not documenting the identity of injuries. falsely documenting the seriousness of Plaintiff's condition and stating in Medical chart that Protonix was having "Good Results" All constituted deliberate indifference to the Plaintiff's serious Medical needs in Violation of the Eighth Amendment.

77. Defendant Corizon have a Policy of restricting if not outright denying Emergent access to the hospital when

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | | | FROM: | | |
|---|---|---|---|---|---|---|
| NAME | | | | NAME | | |
| NO. AND STREET OR R.R. | | | | NO. | | LOCK |
| CITY | STATE | | ZIP | INSTITUTION | | DATE |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

such care is exspensive, complicates security, or can lead to the identity of an exspensive injury.

78. Defendant Wixtrom was also following the Policy of Corizon when he refused to remove Plaintiff from cell for a full vital check, and when he refused to send the Plaintiff to the hospital or make the necessary steps to provide necessary medical services. Wixtrom followed the Policy and Practices of Corizon to keep the Plaintiff's injuries inhouse, and a secret.

79. The failures of Defendant Papendicks actions in the refusal of approving or Authorizing multiple requests by a Qualified Professional. whom identified these exams as necessary. His failures in noticing the Altered blood labs. His failure in seeing a Possible relation between constipation and several Phleboliths as a signal of a blood system supply to the lower abdomen. That warranted a CT-scan immediately. His failure to identify if there was a supply Problem. His Action in providing Medical staff with a blue Print of suggestion to record the refusal of medication of a non Restricted Med. His failure in identifying what all the injuries are that the Plaintiff suffers from. Papendick ignorring the dangers of watery stool. And advising that Watery stools are necessary. All constituted deliberate indifference to Plaintiff's serious Medical needs. In violation

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | | FROM: | | |
|---|---|---|---|---|---|
| NAME | | | NAME | | |
| NO. AND STREET OR R.R. | | | NO. | | LOCK |
| CITY | STATE | ZIP | INSTITUTION | | DATE |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

of the Eighth Amendment.

80. Defendant Corizon have a Policy of restricting, if not out right denying follow up care, necessary exams, and procedures warranted by symptoms, condition, and known facts to only them, because such care could be exspensive, or that care could lead to the identity of an exspensive injury. And even when such Medical services are requested by someone who's qualified.

81. The failures of Defendant Harbaugh's actions in denying Plaintiff's Multiple grievances, And sworn Affidavit of condition, symptoms And those who were involved, and those unknown. Him ignoring Plaintiff's every effort to seek out reasonable Medical services. Him failing to uphold the constitution. His action in shifting Medical responsibility onto the Plaintiff expecting Plaintiff to internally identify injuries without film to receive Medical services. Him giving Corizon Medical staff a blueprint to follow in order to dodge accountability, in providing the Plaintiff with required Medical services. All Amount to deliberate indifference to Plaintiff's serious Medical needs, in violation of the Eighth Amendment.

82. Defendant Corizon have a Policy of denying exspensive access to Medical care Harbaugh was also following Corizons Policy and Practices by denying the Plaintiffs Appeals and Affidavit

-16-

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | | | FROM: | | | |
|---|---|---|---|---|---|---|---|
| NAME | | | | NAME | | | |
| NO. AND STREET OR R.R. | | | | NO. | | LOCK | |
| CITY | STATE | | ZIP | INSTITUTION | | | DATE |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

in order to hide Plaintiff's injuries and dodge liability. Defendant Harbaugh was following the Policy and Practices of Corizon that did so enforce the denial of reasonably adequate Medical Services.

83. The failures of Defendant Scott & actions in responding to The Plaintiff's condition. The Altered lab results and references and his refusal to request EXAMS or Authorize staff Members to be allowed to send Plaintiff to the hospital. His actions as the head Medical staff at MBP for Corizon did deny the Plaintiff reasonably adequate Medical services. And did constitute deliberate indifference to Plaintiff's serious Medical needs in violation of the Eighth Amendment.

84. Defendant Corizon have a Policy and Practice of restricting if not outright denying EMERGENT ACCESS to HOSPITAL, EXAMS, And other such care to Avoid costs and liability. Defendant Scott was also following Policy and practice by doing everything to cover Plaintiffs injuries up. By directing nurses to avoid Providing services to Plaintiff. By Allowing or Participating in the generation of Altered labs, References, Records, And false Accessments. By failing to identify Plaintiff's condition as Chronic care for over a Year and ½.

85. The failures of Defendant's Corizon, Gluesing, Wixtrew, Parendick, Harbaugh, and Scott to Provide emergent care, Adequate Medical Services, examinations, Medication for Pain, diagnoses, and a

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | | | FROM: | | |
|---|---|---|---|---|---|---|
| NAME | | | | NAME | | |
| NO. AND STREET OR R.R. | | | | NO. | | LOCK |
| CITY | STATE | | ZIP | INSTITUTION | | DATE |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

reasonably adequate Plan of care. All their failures incorporated
paragraphs 9 through 85. All constitute deliberate indifference
to Plaintiff's serious Medical needs, in violation of the Eighth
Amendment to the United States Constitution.

## Relief Requested

WHEREFORE, Plaintiff requests that the Court grant the following
relief:

A. Issue An declaratory judgement stating that:

1. Defendants Corizon, Gluesing Wixtrom, Papendick, Harbaugh,
and Scott's actions in failing to Provide reasonably adequate
Medical services/care for the Plaintiff violated and continue
to violate the Plaintiff's rights under the Eighth Amendment
of the United States Constitution.

B. Issue an injunction ordering the MDOC to:

1. Immediately arange for the Plaintiff to see a Qualified
Professional Gastorologist employed not by the MDOC. Issue
an order stating the Plaintiff is to have a CT-scan, ultra-
sound, Pet-Scan, EDG, and Any other Procedure necessary to
identify all of the injuries sustained when he was burned
internally. To Place Plaintiff on Pain Medication. And Any
other treatment or Procedure to correct what can be corrected

MICHIGAN DEPARTMENT OF CORRECTIONS
PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | | | FROM: | | |
|---|---|---|---|---|---|---|
| NAME | | | | NAME | | |
| NO. AND STREET OR R.R. | | | | NO. | | LOCK |
| CITY | STATE | | ZIP | INSTITUTION | | DATE |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

of the harm and damage caused by the Defendant's Actions.

2. Carry out without delay the treatment directed by such Medical Practitioner(s)

C. Award compensatory damage in the following amounts:
1. $350,000 jointly and severally against Defendants Corizon, Gluesing, Wixtrom, Papendick, Harbaugh, and Scott for the Physical suffering, Physical injuries, and emotional injuries sustained as a result of these Defendants intentional neglect, and failure to provide the Plaintiff with reasonably adequate Medical services.

D. Award Punitive damages in the following amounts:

1. $250,000 against Defendant Corizon.

2. $30,000 against Defendant Gluesing.

3. $30,000 against Defendant Papendick

4. $30,000 against Defendant Harbaugh

5. $12,500 against Defendant Wixtrom

6. $20,000 against Defendant Scott

# MICHIGAN DEPARTMENT OF CORRECTIONS
## PRISONER STATIONARY

CSJ-110 4/90
4835-3110

| TO: | | | FROM: | |
|-----|-----|-----|-------|-----|
| NAME | | | NAME | |
| NO. AND STREET OR R.R. | | | NO. | LOCK |
| CITY | STATE | ZIP | INSTITUTION | DATE |

IN CORRESPONDENCE, USE NAME AND NUMBER ON YOUR LETTER AND ENVELOPE

E. And grant such other relief as it may appear that Plaintiff is entitled.

[DATE:] 3/13/18   RESPECTFULLY SUBMITTED, Daniel Cook

Daniel Cook # 790601
Marquette Branch Prison
1960 US HWY 41 South
Marquette, Mi. 49855

2/13/48

FRED JOHN GOVERN III
NOTARY PUBLIC, STATE OF MI
COUNTY OF MARQUETTE
MY COMMISSION EXPIRES May 10, 2020
ACTING IN COUNTY OF

— END—



L COOK #Z90601
TE BRANCH Prison
. HWY 41 SOUTH
E, MI. 49855

$ 009.85⁰

TO:   U.S. DISTRICT COURT
314 FEDERAL BUILDING, P.O. BOX. 698
MARQUETTE, MICHIGAN,