UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANIEL COOK, #290601, )
                Plaintiff, )
) No. 2:18-cv-25
-v- )
) Honorable Paul L. Maloney
CORIZON HEALTH, INC., *et al.*, )
                Defendants. )
_____ )

## ORDER ADOPTING REPORT AND RECOMMENDATION
### AND
## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTIONS

Plaintiff Daniel Cook complains that various Michigan Department of Corrections employees violated his civil rights. Currently pending are two motions for summary judgment brought by Defendants and several motions brought by Plaintiff. The magistrate judge issued a report recommending the two motions for summary judgment be granted. (ECF No. 139.) In the event this Court concludes the dispositive motions should not be granted, the magistrate judge also recommends Plaintiff's motions be denied. (*Id.*) Plaintiff filed objections. (ECF No. 143.)

A.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a

de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").  "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017)

B.

Plaintiff's objections address more than the findings of fact and conclusions of law in the report and recommendation.  Plaintiff's document contains almost 40 objections, most of which are a single sentence.  Included in this document (ECF No. 143) are objections to the R&R and to another order (ECF No. 138) issued by the magistrate judge.  Finally, Plaintiff requests additional time to submit a brief and also requests that the Court appoint counsel.

1. Objection to ECF No. 138

Plaintiff objects to the magistrate judge's order (ECF No. 138) denying his motion to compel and for sanctions (ECF No. 125) and also denying his motion to produce (ECF No. 116).  Plaintiff requests the Court rule on the motions.

Plaintiff's objection is **OVERRULED.**  Plaintiff has not identified any mistake of fact or error of law.  Plaintiff provides no reasoned explanation for his objection; he perfunctorily states that he objects.

2

## 2. Motion for Additional Time

Plaintiff requests more time to file a brief to support his objections. Plaintiff generally complains that Defendants, and others acting on their behalf, have interfered with his ability to litigate this action. At least in this document, Plaintiff provides no details explaining how Defendants have interfered with his ability to address the R&R. The Court received Plaintiff's objections on May 7. To date, the Court has not received any additional submissions from Plaintiff. The Court has reviewed the record and finds no reason to further delay resolution of this matter. Objections are not opportunities to reargue positions at length. Objections provide an opportunity to identify a factual or legal error whose correction requires a different outcome. Accordingly, Plaintiff's request for additional time is **DENIED.**

## 3. Motion for Appointment of Counsel

This is at least the third time Plaintiff has requested appointment of counsel. In addition, Plaintiff objected or moved for reconsideration after two of his motions were denied. The reasons Plaintiff's first motion was denied (ECF No. 8) continue to apply at this point in the litigation. The Court has discretion to appoint counsel in civil cases involving indigent parties. *Abdul-Rahman v. Michigan Dep't of Corr.*, 65 F.d 489, 492 (6th Cir. 1995). Generally, appointment of counsel is justified only in exceptional circumstances, which are not present here. See *Lavabo v. Cohen*, 992 F.2d 601, 606 (6th Cir. 1993). The legal issues are not complex, Plaintiff has been able to prosecute his claims thus far without the benefit of counsel. The constraints and limitations associated with imprisonment typically do not

establish a reason for appointment of counsel. Accordingly, Plaintiff's request for appointment of counsel is **DENIED.**

4. Objection to ECF No. 139 (R&R)

Plaintiff numbers 35 objections to the R&R, few of which address proposed findings of facts or conclusions of law in the R&R.

Plaintiff's objections are **OVERRULED.** Generally, Plaintiff's objections are perfunctory statements opposing, without reason or explanation, a recommendation of the magistrate judge.

Objections 1-3, 5-6. Perfunctory statements that Plaintiff opposes the R&R and any decision to grant a motion filed by Defendants or any decision to deny one of his motions. These objections are not sufficiently specific and do not identify an erroneous fact or mistake of law in the R&R.

Objections 4, 7-9, 12-14, 21. General objections opposing the R&R on the basis that Plaintiff has not had sufficient discovery. These objections are not sufficiently specific and do not identify an erroneous fact or mistake of law in the R&R.

Objections 10-11, 15-17. General objections based on a lack of legal knowledge and the failure to appoint counsel. These objections are not sufficiently specific and do not identify an erroneous fact or mistake of law in the R&R.

Objections 22-28 and 32. General objections based on alleged interference by Defendants or their associates. These objections are not sufficiently specific and do not identify an erroneous fact or mistake of law in the R&R.

Objections 18, 29 and 30. Objections to the recommendation that Plaintiff failed to exhaust his grievances. Objections 18 and 29 rely on a notarized affidavit dated May 18, 2018. (ECF No. 143-1 PageID.1928-31.) Objection 30 relies on another exhibit, the step II and step III portion of the appeals process. (*Id.* PageID.1939.) Plaintiff does not clarify whether he presented these documents to the Court as part of his response to the motion for summary judgment for failure to exhaust grievances. Other than presenting the documents, Plaintiff has not explained how the allegations in the affidavit undermine the proposed findings of fact regarding the exhaustion of grievances. At best, Plaintiff establishes that some grievances were not collected and processed. Plaintiff has not explained how those grievances might support a claim relevant to this lawsuit.

Objections 19 and 33. Plaintiff complains that Defendants have falsified records. The documents attached as exhibits (ECF No. 143-1 PageID.1932-34 and PageID.1938-39) do not establish that Defendants submitted falsified documents or that the magistrate judge was somehow misled. It is not clear that Plaintiff submitted these exhibits as part of his response to the motions for summary judgment.

Objection 20. Step III appeals were not untimely. The step III appeals were rejected as untimely. The appeals documents, and the dates on those documents, speak for themselves. Plaintiff's explanation is not persuasive.

Objection 31. Subpoena to Garcia Labs. Plaintiff contends the Clerk of Court and the Marshal delayed services of this subpoena. Garcia Labs would not respond because the subpoena had expired. Plaintiff has not provided any evidence to establish blame for the delay in sending the subpoena to Garcia Labs. And, Plaintiff has not explained how the

information from Garcia Labs would implicate either of the motions for summary judgment. Plaintiff has not pinpointed any portion of the R&R to which this objection would apply.

Objection 34. TRO and Preliminary Injunction. Plaintiff contends these motions should be granted. Plaintiff has not explained how resolution of his motions for injunctive relief would alter the proposed findings of fact or conclusions of law contained in the R&R. His assertion to that end, without further explanation, is not sufficient.

Objection 35. Appointment of Counsel. Again, the Court declines to appoint counsel. This objection does not address any finding of fact or conclusion of law in the R&R.

For these reasons, the report and recommendation (ECF No. 139) is **ADOPTED** as the Opinion of this Court. Defendants' motion for summary judgment for failure to exhaust administrative remedies (ECF No. 66) is **GRANTED**. Plaintiff's claims against Defendants Gluesing, Wixtrom, Harbaugh, Miniard, and Christiansen are **DISMISSED WITHOUT PREJUDICE**. Defendants' motion for summary judgment (ECF No. 122) is **GRANTED**. Plaintiff has not established that he exhausted his administrative grievances against Defendant Gerlach. Plaintiff's Eighth Amendment claims against Defendants Corizon Health, Papendick, Bonefeld, Stacy and Gerlach are **DISMISSED**.

Having resolved all of the claims against Plaintiff, his motions for injunctive relief (ECF Nos. 69, 77 and 98) are **DENIED**. And, Plaintiff's motion to supplement (ECF No. 97) is **DENIED. IT IS SO ORDERED.**

Date: May 23, 2019              /s/ Paul L. Maloney
                                Paul L. Maloney
                                United States District Judge